UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN BRAUN,<br><br>            Plaintiff,<br><br>     v.<br><br>ST. GEORGE UNIVERSITY SCHOOL<br>OF MEDICINE,<br><br>            Defendant. | No.  2:26-cv-0470-TLN-SCR<br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned.  ECF No. 1.  On February 23, 2026, the undersigned denied Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") as incomplete, screened the Complaint as required by 28 U.S.C. § 1915(e)(2), found it failed to adequately state a claim, and granted leave to amend it.  ECF No. 5 at 10-11.  The undersigned also recommended denial of Plaintiff's motion for a temporary restraining order (ECF No. 3) due to the Complaint's failure to state a claim.  ECF No. 5 at 8-9, 11.

Plaintiff then filed a completed IFP application, a First Amended Complaint ("FAC"), and a TRO motion that incorporates by reference Plaintiff's prior motion.  ECF Nos. 8-10.  The IFP application now includes a declaration listing his income and expenses and averring an inability

to pay the costs of this proceeding.  ECF No. 8; *see* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP is therefore granted.  The Court further concludes that, for screening purposes only, the FAC adequately states a claim under the Americans with Disabilities Act ("ADA") and directs service.  The Court will separately address the pending TRO motion.

Plaintiff has also moved for leave to electronically file documents in this action.  ECF No. 11.  In light of Plaintiff's current lack of a fixed address, this request will also be granted.

## I.    LEGAL STANDARD

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The federal IFP statute, however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are

/////

2

clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.     FACTUAL BACKGROUND

The FAC alleges that Plaintiff is a medical student at Defendant's institution who completed all required coursework before starting clinical rotations. ECF No. 9 at 1. Plaintiff has a medical condition that allegedly would constitute a disability under the ADA. *Id.* Despite this, he "remains academically and professionally qualified to participate in clinical training with reasonable accommodation." *Id.* at 2.

Plaintiff submitted to Defendant documentation from his doctor asserting that "continuity of care and uninterrupted access to prescribed treatment" was necessary, such that any disruption in care would affect his ability to safely perform his duties during clinical rotations. *Id.* Plaintiff

requested an accommodation that would allow him uninterrupted access to this care and treatment, which would not fundamentally alter the nature of the program. *Id.* Defendant rejected the request, and none of its alternatives would have provided such access. *Id.* The FAC alleges that Defendant effectively applied its administrative and insurance requirements in such a way that would require interruption of Plaintiff's medical care. *Id.* Defendant purportedly refused the accommodation "because of disability-related treatment needs[,]" for reasons unrelated to Plaintiff's academic performance. *Id.*

Defendant has initiated administrative withdrawal procedures, such that Plaintiff's enrollment in the M.D. program will be permanently terminated on March 13, 2026. *Id.* The FAC alleges that once this occurs, Plaintiff will have permanently and irreparably lost all progress towards his licensure, along with residency eligibility. *Id.* at 4.

Based on the alleged disability discrimination and failure to provide reasonable accommodations, the FAC asserts claims under the ADA, particularly 42 U.S.C. § 12182, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. ECF No. 9 at 2-3. Plaintiff seeks interlocutory relief enjoining Defendant from withdrawing Plaintiff from the M.D. program, and compelling Defendant to permit Plaintiff to continue his clinical rotations. *Id.* at 4. Upon a decision on the merits, Plaintiff seeks an injunction compelling Defendant to grant a "reasonable accommodation" that would allow Plaintiff to "maintain medically necessary treatment[.]" *Id.* Plaintiff further seeks declaratory relief affirming that Defendant's conduct violated the ADA and Rehabilitation Act, plus costs of suit. *Id.*

### III.   ANALYSIS

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]" 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007).

A claim under the Rehabilitation Act further requires that the defendant is a "program or activity receiving Federal financial assistance or … conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794. Beyond this, however, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes[.]" *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).

As Plaintiff notes, discrimination under ADA includes:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

42 U.S.C. § 12182(b)(2)(A)(ii). Courts generally parse this statute into three elements – whether a modification is necessary, whether the requested modification is reasonable, and whether it would fundamentally alter the nature of the good or service the defendant supplies. *See Martin v. PGA Tour, Inc.*, 204 F.3d 994, 999 (9th Cir. 2000) (finding that the first two elements, reasonableness and necessity, were not in dispute and focusing on the third).

When a court assesses whether a complaint's pleadings are sufficient to state a claim, the incorporation-by-reference doctrine allows courts to treat documents as part of the pleadings "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). As to the necessity of the requested accommodation, the FAC asserts that Plaintiff's physician provided written documentation stating that continuity of care was medically necessary for Plaintiff to safely perform clinical duties. ECF No. 9 at 2. This letter, submitted as evidence in support of Plaintiff's initial TRO motion, explained that Plaintiff has Attention Deficit Hyperactivity Disorder ("ADHD") that is treated via Schedule II medication. ECF No. 4 at 11. This medication is essential for his "cognitive functioning, sustained attention, and executive control, particularly in high pressure and clinical

environments." *Id.* Federal and state regulations only permit patients to obtain this medication from their prescribing physician. *Id.* Any change in Plaintiff's insurance coverage, which inherently would require Plaintiff to find a new physician and possibly navigate interstate prescribing regulations, would interrupt his treatment. *Id.* His prescribing physician asserted this would cause:

> "marked deterioration in attention, concentration, and executive functioning[…]
>
> impaired academic performance and reduced ability to safely and effectively participate in clinical rotations[…]
>
> increased risk of academic failure due to inability to meet cognitive demands of coursework and examinations[.]

*Id.* He further opined that these disruptions would "substantially, possibly irrevocably, impair [Plaintiff]'s ability to function in his educational program and could jeopardize both academic progress and clinical performance." *Id.*

When augmented by the contents of his physician's letter, Plaintiff adequately pleads all elements of his ADA claim in the FAC. Plaintiff has pled that he sought an exemption from Defendant's new insurance requirements, such that he could retain his current physician under his current plan to ensure continuity of care. ECF No. 9 at 2. This accommodation is reasonable insofar as he has attended medical school thus far without having to switch insurance providers, and necessary because he cannot function in class and during clinical rotations without reliable access to medicine. *Id.* at 1-2. Such an accommodation would not change the curriculum or grading standards for Plaintiff's classes, and therefore would not fundamentally alter Defendant's program. *Id.* at 2. Plaintiff further pleads that none of Defendant's proposed alternatives would avoid the disruption in treatment that could affect his studies. *Id.*

The Court concludes that for screening purposes only, Plaintiff has adequately pled at minimum his ADA claim against Defendant. It therefore directs service.

### IV.   MOTION TO E-FILE

Although the Eastern District of California is an electronic management/filing district, unrepresented persons are required to file and serve paper documents unless the assigned District Judge or Magistrate Judge grants leave to utilize electronic filing. L.R. 133(a), (b)(2). When the

parties cannot stipulate to such an exception, the pro se party may file a written motion setting out an explanation of reasons.  L.R. 133(b)(3).

Plaintiff explains that he does not have reliable access to printing and in-person filing without significant travel burden, particularly given how time-sensitive some of those filings are. ECF No. 11 at 1.  This does align with Plaintiff's disclosure, as part of his TRO motion, that he is currently homeless.  ECF No. 10 at 4.  The request to electronically file documents is therefore GRANTED.

Plaintiff further agrees to maintain a valid email address at which he may be served.  ECF No. 11 at 1.  The Clerk is therefore DIRECTED to configure Plaintiff's account so that Plaintiff will receive immediate email notifications when documents are filed in the case.  Meanwhile, the Clerk of the Court will be directed to call Plaintiff at the phone number listed on the docket to inform him of the filing of this order and confirm his email address.

## V.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to proceed IFP is granted;

2. Service of the First Amended Complaint (ECF No. 9) is appropriate as to Defendant St. George University School of Medicine;

3. The Clerk of the Court is directed to issue forthwith, and, pursuant to Federal Rule of Civil Procedure 4(c)(3), the U.S. Marshal is directed to serve within 90 days, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs;

4. Plaintiff shall immediately file a notice on the docket of the service address for the Defendant.  If Plaintiff fails to file such a notice within three days of the filing of this order, the Clerk of the Court will use the following as a service address for the Defendant: 3500 Sunrise Hwy, Ste 300, Great River, NY 11739;

5. Given the exceptional circumstances of this case, in which Plaintiff does not have a physical address, and subject to the timing provisions of ¶ 4, the Clerk of the Court is directed to prepare the service packet for the U.S. Marshal.  The Court anticipates that, to effect service, the U.S. Marshal will require, for the Defendant in ¶ 2, above, at least:

a. One completed summons;

b. One completed USM-285 form;

c. One copy of the endorsed filed First Amended Complaint, with an extra copy for the U.S. Marshal;

d. One copy of the instant order; and

e. An appropriate form for consent to trial by a magistrate judge.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

8. Plaintiff's request for leave to electronically file and receive service of documents in this action (ECF No. 11) is GRANTED.

DATED: February 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

8